NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BAL KRISHNA SINHA,

            Petitioner,

   v.

U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

            Respondent.

Civ. Action No. 10-2150 (KSH)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

    This matter comes before the Court on Petitioner Bal Krishna Sinha's petition to amend his Certificate of Naturalization to change his date of birth. For the reasons set forth below, the petition to amend is denied.

**I.    Factual Background**

    On April 23, 1989 this Court issued a Certificate of Naturalization to Sinha which stated his date of birth as April 9, 1947. (Pet'r's Br. Ex. A.) Sinha now contends that the date of birth on his Certificate is incorrect and that his true date of birth is April 5, 1944. (Pet'r's Br., p. 1.) Sinha claims that birth records were not properly kept in the various states and municipalities of India at the time of his birth. (*Id.* at 2.) Because birth records were not properly kept by government authorities, Sinha used a falsified School Certificate with an incorrect birth date to prove his date of birth when applying for an Indian passport. (*Id.*) Sinha claims that during his school years "most schools in India intentionally entered later birth dates on the School Certificates to help scholars obtain employment post-graduation." (*Id.*)

When Sinha later applied for his immigrant visa, and subsequently for naturalization, he used the incorrect School Certificate as evidence of his date of birth "because the United States did not accept Religious Birth Certificates," and he was therefore unable to provide legal documentation showing the correct date. (*Id.*)  However, in 1999, after his naturalization was complete, Sinha contacted the Social Security Administration ("Administration") to seek a change in his date of birth.  Upon providing a copy of his Religious Birth Certificate, the Administration "corrected" his date of birth to reflect April 5, 1944.

Sinha now seeks to have the Certificate of Naturalization changed to reflect the 1944 birth date so that he will legally be of retirement age, enabling him to retire with full benefits and access his 401(k) plan proceeds. (*Id.* at 3.)  In support of his petition, Sinha has provided a copy of his Religious Birth Certificate, affidavits from both an uncle and a second cousin, a copy of a Social Security report, and a copy of a Student Transfer Certificate to evidence his "correct" date of birth.  (*Id.* Exs. C–G.)

The U.S. Citizenship and Immigration Services ("USCIS") has not formally opposed Sinha's petition, but has submitted a statement and supporting documentation from Sinha's administrative file that raises questions about discrepancies in the evidentiary record.  (Opp. letter p. 2; Decl. of Randi C. Borgen, Ex. A–F.)  The Court gave Sinha an opportunity to submit a response to USCIS's statement, but none was submitted.

In a separate action, Sinha's wife, Kalpana Sinha, filed a petition to have the date of birth on her Certificate of Naturalization changed. *Kalpana Sinha v. U.S. Citizenship and Immigration Services,* No. 10-2239 (D.N.J. June 14, 2011).  Like her husband, Kalpana Sinha claimed that her Certificate of Naturalization contained the wrong birth date due to a School Certificate on which her date of birth was falsified, and that this was a common practice in Indian schools.  *Id.*

Kalpana Sinha claimed she was actually born three years earlier than her Certificate of Naturalization indicated, the same discrepancy Sinha alleges. *Id.* She also supported her motion with documentation similar to that which Sinha has provided; a recent affidavit, a School Transfer Certificate that evidenced the "correct" date of birth, a copy of a Religious Birth Certificate, and a copy of a Social Security Report. *Id.* The USCIS raised questions about discrepancies in the documentation and submitted Kalpana Sinha's administrative file. *Id.* The court ultimately denied her petition due to a lack of credible evidence. *Id.*

## II. Jurisdiction

This Court has jurisdiction to amend the Certificate of Naturalization because the Certificate was issued prior to the passage of the Immigration and Naturalization Act of 1990, which reassigned the authority to amend Certificates to the Attorney General. *Shrewsbury v. INS*, 1996 U.S. App. LEXIS 3583, at *2–3 (9th Cir. Feb. 12, 1996) ("Prior to the enactment of that legislation, district courts had jurisdiction to naturalize citizens and also had statutory authority to amend naturalization orders."). Therefore, this Court has jurisdiction pursuant to the pre-1990 statute, 8 U.S.C. § 1451(i) (1990).

## III. Standard of Review

The Petitioner bears the burden to demonstrate that the birth date on his Certificate of Naturalization is incorrect. *In re Ohanian*, 1995 U.S. Dist. LEXIS 21998, at *3–4 (E.D.N.Y. Jan. 31, 1995) (quoting *Application of Yu Hong Ting*, 446 F. Supp. 203, 204 (S.D.N.Y. 1978)). Courts considering applications to amend Certificates of Naturalization have been guided by the principals of section 338.5 of the Code of Federal Regulations (CFR), which authorizes the USCIS to correct an individual's Certificate only where (1) the Certificate "does not conform to the facts shown on the application for naturalization," or (2) "a clerical error was made in

3

preparing the Certificate." *See* 8 C.F.R. § 338.5(a) (2011); *In re Motion to Correct Certificate of Naturalization*, 2006 U.S. Dist. LEXIS 73564, *2–3 (D.N.J. Oct. 3, 2006); *Duc Minh Ha v. United States Citizenship and Immigration Services*, 2006 U.S. Dist. LEXIS 48414 (D. Minn. July 14, 2006) (discussing section 338.5 in denying a petition to change the birth date on the certificate of naturalization); Liu v. Immigration & Naturalization Service, 1998 U.S. Dist. LEXIS 18383 (N.D.N.Y. Nov. 17, 1998) (same).

Thus, the CFR and consequently the courts are "resistant to changing birth dates for any reason other than clerical error on the part of U.S. officials." *In re Motion to Correct Certificate of Naturalization*, 2006 U.S. Dist. LEXIS 73564, at *2 (citing *Varghai v. INS, Dist. Director*, 932 F. Supp. 1245, 1246 (D. Or. 1996)). In the absence of a clear clerical error, however, some courts have granted applications to amend the date of birth on Certificates of Naturalization "where the [Petitioner] provides unequivocal evidence as to his true date of birth or where there is no evidence of fraud and no prejudice results to the government." *Id.* at *3–4.

**IV.**   **Analysis**

Sinha has failed to meet his burden of providing unequivocal evidence as to his true date of birth. Moreover, the discrepancies between the documentation in Sinha's administrative file, provided at the time of his naturalization, and the documentation provided in connection with this petition, cast doubt on Sinha's credibility.

The basis of Sinha's argument for an amended Certificate is that he was required to use a School Certificate which listed an incorrect date of birth when applying for naturalization because Religious Birth Certificates were not acceptable. (Pet'r's Br. p.2.) However, USCIS has demonstrated through the submission of Sinha's administrative file that "no school record, or religious record . . . was submitted in conjunction with the Application for Immigration Visa or

the N-400 Application for Naturalization." (Opp. letter p. 2; Decl. of Randi C. Borgen, Ex. A–F.) Sinha now submits a Student Transfer Certificate which lists his date of birth as April 5, 1944. (Pet'r's Br. Ex. G.) The fact that this Student Transfer Certificate, produced in 2005, includes what Sinha contends is his correct date of birth contradicts his claim that Indian schools routinely falsified dates of birth and it is completely inconsistent with the assertion that his date of birth initially became incorrect on his immigration documentation due to a falsified School Certificate.[1]

There are also discrepancies between the affidavits submitted by Sinha included in the USCIS administrative record and the affidavits Sinha submits in support of this motion. The administrative file contains two affidavits from 1977; one affidavit from Ramawtar Prasad Sinha, identified as Sinha's father, which states that Sinha was born in 1947, and one from Lakhanawatar Prasad Sinha, identified as Sinha's uncle, again attesting to the fact that Sinha was born in 1947. (Dec. of Randi C. Borgen, Ex. C, D.) In support of his petition Sinha has submitted two new affidavits, both dated June 21, 2004, that claim he was born in 1944; one is from Lakhan Awtar Prasad Sinha,[2] identified as Sinha's Uncle, and the other is from Tuntun Devi, who states that Sinha is the son of her deceased husband's cousin. (Pet'r's Br. Ex. D, E.) These two new affidavits merely contradict the substantially older sworn statements and cannot be said to provide unequivocal evidence that Sinha's date of birth is incorrect on his Certificate of Naturalization.

---

[1] The same inconsistencies were fatal to Sinha's wife's petition. The court noted that "although Petitioner contends that she submitted a school certificate with her immigrant visa application, the record does not confirm this," and that her newly submitted school certificate with the purported "correct" date of birth was also "inconsistent with Petitioner's claim that Indian schools commonly falsified certificates to show later dates of birth." *Kalpana Sinha v. U.S. Citizenship and Immigration Services,* No. 10-2239 (D.N.J. June 14, 2011). Ultimately, the court concluded that it did "not find Petitioner credible." *Id.*

[2] USCIS notes in its Opposition letter that "Lakhanawater Prasad Sinha," who attested to Sinha's 1947 date of birth in the 1977 affidavit, and "Lakhan Awtar Prasad Sinha," who attested to a 1944 date birth in the 2004 affidavit, appear to be the same person. (Opp. Letter p. 2; *see* Dec. of Randi C. Borgen, Ex. D; Pet'r's Br. Ex. D.)

5

Based on the record before the Court, Petitioner has failed to provide unequivocal evidence that his date of birth is incorrect on his Certification of Naturalization.  Petitioner's request for an amended Certificate of Naturalization is denied.

/s/Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.

September 30, 2011